## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| MYNOR ARDON-AGUIRRE,<br><br>          Petitioner,<br><br>     v.<br><br>UTAH BOARD OF PARDONS,<br><br>          Respondent. | **ORDER TO AMEND DEFICIENT<br>PETITION &<br>MEMORANDUM DECISION**<br><br>Case No. 2:12-CV-914 DB<br><br>District Judge Dee Benson |

---

Petitioner, Mynor Ardon-Aguirre, an inmate at Central Utah Correctional Facility, filed a *pro se* habeas corpus petition. *See* 28 U.S.C.S. § 2241 (2012).  Reviewing the Petition, the Court concludes that the Petition is deficient as described below.  *See id.*  Petitioner must cure these deficiencies if he wishes to pursue his claims.

### Deficiencies in Petition:

Petition:

(a)  inappropriately requests relief under § 2241 for some claims that appear to be more properly brought under § 2254.

(b)  has claims appearing to be based on the illegality of Petitioner's current confinement; however, the petition was apparently not submitted using the legal help Petitioner is entitled to by his institution under the Constitution.  *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to

file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

(c) does not list the full procedural history of all direct appeals or post-conviction proceedings, with complete dates.

(d) lists a respondent other than his custodian.

(e) inappropriately attacks his failure to be paroled (see detailed discussion below).

### Instructions to Petitioner

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a

2

claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110.  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following general points before refiling his petition.  First, the revised petition must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner.  *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supercedes original).  Second, the petitioner must clearly state whom his custodian is and name that person (a warden or ultimate supervisor of an imprisonment facility) as the respondent.  *See* R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts. Third, Petitioner may generally not bring civil-rights claims as to the conditions of his confinement in a habeas corpus petition. Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254; any claims about the execution of Petitioner's sentence should be brought under 28 U.S.C.S. § 2241.  Fifth, Petitioner should seek

3

legal assistance from the contract attorneys to prepare initial
pleadings.

Finally, specific to his claims, Petitioner should keep in
mind the following applicable law as he fashions a possible
amended petition.  Inasmuch as Petitioner appears to attack the
constitutionality of Utah's indeterminate-sentencing scheme,
these same challenges were soundly rejected by the Tenth Circuit.
*See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208 (10th Cir.
2009), *cert. denied*, 130 S. Ct. 1737 (2010).

Further, any possible assertions under that Petitioner is
entitled to an earlier release (based on "the matrix"), BOP did
not protect his constitutional rights in determining whether to
grant him parole (by following guidelines, among other things),
and that *Labrum* was violated, are not well taken.  After all,
under § 2241, "[t]he writ of habeas corpus shall not extend to a
prisoner unless . . . [h]e is in custody in violation of the
Constitution or laws or treaties of the United States."  *See* 28
U.S.C.S. § 2241(c) (2012).  As to BOP's decision about the length
of Petitioner's prison stay and its denial of constitutional
rights in determining whether to grant parole, Petitioner never
states how any of this violates any federal rights.  Nor can he
do so effectively.  After all, "there is no [federal]
constitutional or inherent right of a convicted person to be

4

conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Neither does the Utah parole statute create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

And any possible arguments about due process in parole determinations, based on *Labrum*, are not valid. *See Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (1993). *Labrum* is Utah law and is neither controlling nor persuasive in this federal case. It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

## O R D E R

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Petitioner shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition for him to complete, according to the directions.

(3) If Petitioner fails to timely cure the above-noted deficiencies, as instructed herein, this action will be dismissed without further notice.

DATED this 19th day of December, 2012.

BY THE COURT:

_____
JUDGE DEE BENSON
United States District Court

6