IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| MYNOR ARMANDO ARDON-AGUIRRE, | **MEMORANDUM DECISION &** |
| | **DISMISSAL ORDER** |
| Petitioner, | |
| | |
| v. | Case No. 2:12-CV-914 DB |
| | |
| DENNIS SORENSEN, | |
| | District Judge Dee Benson |
| Respondent. | |

---

Petitioner, Mynor Armando Ardon-Aguirre, an inmate at Central Utah Correctional Facility, filed a § 2254 habeas corpus petition, *see* 28 U.S.C.S. § 2254 (2013). Because Petitioner challenges only his sentence's execution, the Court construes the petition as filed under § 2241. *See id.* § 2241.

## BACKGROUND

Petitioner was convicted of second-degree-felony manslaughter. On July 21, 2005, Petitioner was sentenced to one-to-fifteen years. The Utah Court of Appeals affirmed his conviction on February 1, 2007. He did not seek review in the Utah Supreme Court. On August 6, 2012, he petitioned for state post-conviction relief, attacking the Utah Board of Pardons' (BOP) execution of his sentence. His motion for voluntary dismissal was granted on October 10, 2012.

Petitioner argues here that (1) BOP erred in calculating the his imprisonment length, within his sentence; and (2) he has been denied due process because BOP has not yet held his original hearing. The State responded, moving the Court to deny this petition because Petitioner has filed his claims past the period of limitation and failed to exhaust his claims. The Court agrees and further concludes that Petitioner has failed to allege a violation of federal law.

## ANALYSIS

### I. Period of Limitation

The statute setting forth the period of limitation for federal habeas petitions reads in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> . . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.S. § 2244(d)(1) (2013).

The Court begins with the date when Petitioner should have discovered his claims. First, he knew at sentencing that the trial court intended to recommend to BOP that he serve at least ten years. Next, he knew on October 26, 2005, when BOP filed a decision scheduling his original hearing that it would not be until March 1, 2015. Add one year, and Petitioner should have filed this federal habeas claim by October 26, 2006, which he did not do.

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 *id.* § 2244(d)(2). Meanwhile, equitable tolling is also available but "'only in rare and exceptional circumstances.'" *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).

Petitioner filed a state post-conviction application on August 6, 2012--after the federal period of limitation ran out on October 26, 2006. He was granted voluntary dismissal of the application on October 10, 2012. In the meantime, Petitioner filed this federal petition on September 26, 2012. "[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). So, statutory tolling does not apply to any of Petitioner's claims. And, Petitioner's only arguments regarding equitable tolling are that he "only recently learned of a legal theory which appears to apply to the facts of his situation"; has little legal knowledge; and has been limited by a language barrier.

The Court thus addresses whether Petitioner's lack of legal knowledge and his alleged language barrier trigger equitable tolling to save him from the period of limitation's operation. "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley*, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at 808 (citation omitted)). And, Petitioner "has the burden of demonstrating that equitable tolling should apply." *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir.

3

July 15, 2002) (unpublished). Against the backdrop of these general principles, the Court considers Petitioner's specific arguments.

First, Petitioner asserts that his lateness should be overlooked because he lacked legal knowledge. It is well settled, though, that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

Second, Petitioner tries to justify his untimely federal petition by stating that he was hampered by a language barrier. Based on the petition, the Court assumes Spanish is his first language and he has perhaps struggled with English. In a very similar situation in *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (citations omitted), the Tenth Circuit rejected the petitioner's equitable-tolling argument. Discussing the "extraordinary circumstances" prong, the court observed,

> We do not doubt Yang's need for assistance in understanding the legal process. But such is common for the majority of pro se prisoners, whether or not they have English deficits. Even less surprising is the absence of written notice or law books in Yang's first language. This does not create a state imposed impediment, however, as the . . . Department of Corrections is under no duty to provide access to legal materials in a prisoner's preferred language. Indeed, Yang does not allege he can read [his preferred language]. Yang's allegations fall far short of the facts needed to demonstrate extraordinary circumstances.

*Id.* at 930.

Regarding the diligent-effort prong, the court pointed out that Yang had not specifically identified "'the steps he took to diligently pursue his federal claims.'" *Id.* As in *Yang*, Petitioner's conclusory statements about diligently pursuing his rights "will not suffice." *Id.*

4

Of interest here, in *Yang*, the Tenth Circuit went on to note, "We have yet to confront a situation where the record has supported a petitioner's claim of a severe language impediment and diligent efforts to overcome his or her impediment. Thus, in no instance have we found a language barrier justifying equitable tolling." *Id.* at n.9.

Petitioner has not met his burden of showing that--during the running of the federal period of limitation and beyond--he faced extraordinary circumstances or took specific steps to "'diligently pursue his federal claims.'" *Id.* at 930. Petitioner thus has not established a basis for equitable tolling.

Having established that tolling does not apply here, the Court determines that the period of limitation ran out on October 26, 2006--almost six years before the date of the filing of this petition. So, with no extraordinary circumstances deterring him from diligently pursuing his federal habeas claims, Petitioner inexcusably let his rights lie fallow for many years.

Accordingly, the above claims before the Court were filed past the one-year period of limitation. And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation. Petitioner's claims are thus denied.

## II. Exhaustion and Procedural Default

As an alternative basis to deny Petitioner's claims, they are unexhausted and procedurally defaulted. Further, Petitioner has not suggested cause and prejudice or a fundamental miscarriage of justice to excuse his apparent failure to exhaust and his procedural default.

"A habeas petitioner is 'generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.'" *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) *(quoting Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)). When a petitioner has "'failed

5

to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (*quoting Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)); *see also Gonzales v. Jordan*, No. 01-6415, 2002 U.S. App. LEXIS 10781, at *6 (10th Cir. June 5, 2002) (unpublished) ("[W]e conclude that the procedural bar applies to § 2241 petitions.").

Once the denial of Petitioner's conviction was affirmed on direct appeal by the Utah Court of Appeals on February 1, 2007, the deadline he missed for filing a petition for writ of certiorari in the Utah Supreme Court was March 5, 2007. So, he did not take his issues to the highest Utah court possible, as required to exhaust his claims. Further,

> [a] person is not eligible for relief under this chapter upon any ground that . . . was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief; or . . . is barred by the limitation period established in Section 78B-9-107.

Utah Code Ann. § 78B-9-106(1) (2013) (Utah Post-Conviction Remedies Act). Under Utah law, then, Petitioner is now foreclosed from raising his current arguments in a future state habeas petition, and the state courts would determine them to be procedurally barred.

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'" *Thomas*, 218 F.3d at 1221 (alteration omitted) (citation omitted). Construing the petition liberally as it must, the Court infers that Petitioner possibly argues cause and prejudice and a fundamental miscarriage of

6

justice justify his procedural default.

"[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules." *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted). Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage.'" *Butler v Kansas*, No. 02-3211, 2002 U.S. App. LEXIS, at *8 (10th Cir. Dec. 30, 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

Petitioner has not met his burden of showing that objective factors external to the defense hindered him in meeting state procedural demands. Nor does he at all hint how he was *actually* and substantially disadvantaged. Under Tenth Circuit case law, lack of legal resources and knowledge are also circumstances that do not carry Petitioner's burden to show cause. *Gilkey v. Kansas*, No. 02-3227, 2003 U.S. App. LEXIS, at *6 (10th Cir. Feb. 4, 2003) (unpublished) (holding limited knowledge of the law is insufficient to show cause for procedural default); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (concluding petitioner's *pro se* status and his corresponding lack of awareness and training on legal issues do not constitute adequate cause for his failure to previously raise claims). Indeed, these are factors, together with the potential language barrier, that are *internal* to Petitioner's defense.

In sum, it appears that Petitioner did not properly raise any habeas issues whatsoever before the Utah Supreme Court. Moreover, because under state law the questions he brings in this federal petition are no longer eligible to be raised in Utah courts, they are technically exhausted, barred by state procedural law, and procedurally defaulted in this federal habeas case.

7

Indeed, Petitioner has shown neither cause and prejudice nor a fundamental miscarriage of justice excusing his apparent default.

### III. Alternative Denial on the Merits

The Court next addresses Petitioner's assertions under § 2241 that he was entitled to an earlier release, based on the matrix; that BOP did not protect his constitutional rights to due process in determining whether to grant him parole; and, implicitly, that *Labrum* was violated.

Under § 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C.S. § 2241(c) (2013). As to BOP's decision about the length of Petitioner's prison stay and its denial of constitutional rights in determining whether to grant parole, Petitioner never states how any of this violates any federal rights. Nor can he do so effectively. After all, "there is no [federal] constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"--in this case, a span of one-to-fifteen years. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Neither does the Utah parole statute create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Also, "'[t]here is no constitutional right to an attorney in state post-conviction proceedings.'" *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)).

The Court also considers Petitioner's possible arguments, about due process in parole determinations, based on *Labrum*. *See Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (1993). *Labrum* is Utah law and is neither controlling nor persuasive in this federal case. It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or

8

laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner thus has no valid argument here based on state law.

## CONCLUSION

All Petitioner's claims are denied because they were filed past the period of limitation and neither statutory nor equitable tolling apply. As an alternative basis upon which to deny Petitioner's claims, they are barred by principles of exhaustion and procedural default. As another alternative, Petitioner's claims are denied on the merits because they do not state a violation of federal law.

IT IS THEREFORE ORDERED that Respondent's motion for denial of this petition is GRANTED. (*See* Docket Entry # 16.)

This case is CLOSED.

DATED this 18th day of October, 2013.

BY THE COURT:

_____
DEE BENSON
United States District Judge